Leslie MCCOY, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 16-1078

United States Court of Appeals, Fourth Circuit.

Submitted: July 28, 2016

Decided: August 12, 2016

Leslie McCoy, Appellant Pro Se. Marshall Prince, II, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Before KING, THACKER, and HARRIS, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie McCoy appeals the district court's order adopting the magistrate judge's recommendation to uphold the Commissioner's denial of McCoy's application for disability benefits. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, because McCoy, who is proceeding pro se, was not warned of the consequences of filing non-specific objections, we decline to enforce the waiver.

After reviewing the record, we conclude that substantial evidence supports the Commissioner's finding that McCoy's use of crutches is not medically necessary and thus does not warrant further limitation of her residual functional capacity. See Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) ("[A] reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."). We decline to consider the new claims and evidence McCoy seeks to present on appeal because they fail to meet the requirements set forth in 42 U.S.C. § 405(g) (2012). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED